IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

## KEVIN WILKINS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-25953      John P. Colton, Jr., Judge**

-------

**No. W2002-00436-CCA-R3-PC - Filed November 14, 2002**

-------

Petitioner, Kevin Wilkins, filed his petition for post-conviction relief in the Shelby County Criminal Court on December 6, 2001. The State filed a response moving the trial court to dismiss the petition because it was filed after the statute of limitations had expired. Without a hearing, the trial court entered an order granting the State's request and dismissed the petition on the basis that it was filed past the one-year limitation set forth in Tennessee Code Annotated section 40-30-202. Petitioner filed a timely notice of appeal. We reverse the judgment of the trial court and remand this case for a hearing.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Reversed and Remanded.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JOHN EVERETT WILLIAMS, JJ., joined.

Kevin Wilkins, Whiteville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William L. Gibbons, District Attorney General; and Tom Hoover, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### BACKGROUND

Following a jury trial, Petitioner was convicted of first degree murder and especially aggravated kidnapping. He appealed to this court, and his conviction for first degree murder was reversed and dismissed and the conviction for especially aggravated kidnapping was affirmed. *State v. Kevin Wilkins*, 2000 Tenn. Crim. App. LEXIS 640, No. W1999-01462-CCA-MR3-CD (Tenn. Crim. App., filed Aug. 18, 2000 at Jackson), *perm. to appeal denied* (Tenn. Feb. 20, 2001).

Petitioner did not file a request for permission to appeal to the Tennessee Supreme Court regarding the affirmance of his conviction for especially aggravated kidnapping. The State did seek permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. As noted in the citation, the State's application, pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, was denied February 20, 2001.

In its response filed with the post-conviction trial court, the State alleged that "[t]o the State of Tennessee's knowledge, information and belief, no appeal was taken from the Court of Criminal Appeals's decision by either the petitioner or the State of Tennessee." The State, in its brief on appeal, takes the same position, stating that "[n]o appeal was taken from the decision by either the petitioner or the state."

However, attached to its brief, the State has provided a copy of this court's decision in Petitioner's case in the direct appeal from his convictions. On the first page of the copy of the opinion, directly under the date of the filing of the opinion, it is noted, "Permission to Appeal Denied Feb. 20, 2001."

In the post-conviction court, and on appeal, the State takes the position that the petition for post-conviction relief, in order to be timely, must have been filed within one year of August 18, 2000, the date of this court's opinion in the direct appeal from the conviction. The post-conviction court made no specific findings in its order dismissing the petition other than to state that the motion to dismiss was "well taken for the reasons stated therein."

**ANALYSIS**

The conviction for first degree murder and the conviction for especially aggravated kidnapping were the result of one trial in a single proceeding. In order to accept the State's argument, if the supreme court had granted the application for permission to appeal and reversed this court regarding the conviction for first degree murder, Petitioner would have had to file a petition for post-conviction relief regarding the especially aggravated kidnapping conviction within one year of August 18, 2000. In addition, a separate petition for post-conviction relief regarding the conviction for first degree murder would have to be filed within one year of the date of the supreme court's action affirming the murder conviction. This procedure would be contrary to both statutory provisions and Rule 28 of the Rules of Supreme Court of Tennessee.

Tennessee Code Annotated section 40-30-202 specifically sets forth the one-year statute of limitations for post-conviction petitions, and provides in part, "(c) This part contemplates the filing of only one (1) petition for post-conviction relief. . . ." Tenn. Code Ann. § 40-30-202(c).

Rule 28,§ 5(C), Rules of the Supreme Court of Tennessee, states as follows:

**(C) Limitation of Petitions** – Each petition shall be limited to claims arising from the judgment or judgments entered in a single trial or proceeding. A petitioner who

desires to obtain relief from judgments entered in more than one trial or proceeding must file separate petitions for each trial or proceeding.  (emphasis in original).

The clear intent of both the legislature in Tennessee Code Annotated section 40-30-202 and the supreme court in Rule 28,§ 5(C), Rules of the Supreme Court of Tennessee, is that in a case such as this, any petition for post-conviction relief involving a single trial or proceeding, should be filed within one year of the date that the judgment on appeal pertaining to all convictions has finally been resolved in a direct appeal pertaining to the one single proceeding.  Petitioner had one year from February 20, 2001 (the date on which the Supreme Court of Tennessee denied the State's application for permission to appeal from the judgment of the court of criminal appeals), in which to attack any conviction arising from the single proceeding in the trial court, which resulted in his convictions for especially aggravated kidnapping and first degree murder.  The petition filed December 6, 2001, is clearly within that one-year limitation period.  Accordingly, the trial court erred in dismissing the petition without an evidentiary hearing.  The trial court's judgment must therefore be reversed, and this case remanded for further proceedings consistent with this opinion, and in accordance with the provisions of the "Post-Conviction Procedure Act,"  Tenn. Code Ann. § 40-30-201, *et seq.*

## CONCLUSION

For the reasons stated herein, the judgment of the post-conviction court is reversed, and this case is remanded for further proceedings.

_____
THOMAS T. WOODALL, JUDGE